UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Darren Simmons, #182509, ) | |
| ) | C/A No: 5:13-cv-2754-RMG-KDW |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Report and Recommendation |
| William R. Byars, Jr. et al, sued in their ) | |
| individual capacity. ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff, proceeding pro se and *in forma pauperis*, brought this action alleging violations of his constitutional rights pursuant to 42 U.S.C. § 1983. This matter comes before the court on Plaintiff's Motion for a Declaratory Judgment and/or Motion for Temporary Restraining Order, ECF No. 17, and Plaintiff's Motion for Temporary Restraining Order, ECF No. 84. Pursuant to 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(e), D.S.C., this magistrate judge is authorized to review pretrial matters in cases involving pro se litigants and submit findings and recommendations to the district court.

In his Motion for Temporary Restraining Order and/or Declaratory Judgment filed on October 25, 2013, ECF No. 17, Plaintiff contends that Defendants Jenkins and Worrick and Sgt. Hughes are "still allowing [Defendant] Bryant to attempt to assault [him] again and they are sending [Bryant] to [his] cell and [he's] in fear of [his] life [and] Corporal Bryant may cause [his] death next time." ECF No. 17 at 1. Plaintiff also alleges that he is not receiving his legal mail. *Id.* Plaintiff contends that Defendant Pate is aware of these actions and has failed to act. *Id.* Defendants contend that Plaintiff is not entitled to the relief that he is requesting. ECF Nos. 89, 103.

In his Motion for Temporary Restraining Order, ECF No. 84, filed on March 6, 2014, Plaintiff contends that he "been made a target of conduct discrimination and retaliation because he has filed numerous cause of actions." ECF No. 84 at 1. Plaintiff contends that he was denied the right to attend a religious service on January 31, 2014; that his grievances are not being processed; and that he was initially given the wrong medication during pill line, however, when he informed the nurse he was on a different medication, she gave him the correct medication. ECF No. 84-1 at 1-3. Defendants argue that Plaintiff's request for a temporary restraining order should be denied because Plaintiff has failed to offer facts that establish the requisite factors for issuing a restraining order. ECF Nos. 94, 104.

"[P]reliminary injunctions are extraordinary remedies involving the exercise of very far-reaching power to be granted only sparingly and in limited circumstances." *MicroStrategy Inc. v. Motorola, Inc.*, 245 F.3d 335, 339 (4th Cir. 2001) (internal citations and quotation marks omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 20 (2008). A plaintiff does not have an automatic right to a preliminary injunction, and such relief should be used sparingly. The primary purpose of injunctive relief is to preserve the status quo pending a resolution on the merits. Injunctive relief which changes the status quo pending trial is limited to cases where "the exigencies of the situation demand such relief." *Wetzel v. Edwards*, 635 F.2d 283, 286 (4th Cir. 1980).

An analysis of the *Winter* factors reveals that Plaintiff's motions for temporary restraining orders should be denied. First, Plaintiff has not made a clear showing that he is likely to succeed on the merits of his Complaint. Second, Plaintiff does not make any specific factual

allegations that he is currently threatened with imminent injury, loss, or damage. While Plaintiff alleges that certain officers continue to allow Defendant Bryant to "attempt to assault" him and that he fears for his life, Plaintiff has not offered any evidence to support his claims, nor were these allegations of assault included in the second motion for restraining order filed. Additionally, Plaintiff has not shown that he continues to be denied the right to attend religious services, or that his medication has continued to be improperly distributed. Finally, Plaintiff has not shown that a preliminary injunction is in the public interest. Accordingly, it is recommended that Plaintiff's Motion for Temporary Restraining Order and/or Declaratory Judgment, ECF No. 17, and Plaintiff's Motion for Temporary Restraining Order, ECF No. 84, be denied.

    IT IS SO RECOMMENDED.

April 14, 2014  
Florence, South Carolina

Kaymani D. West  
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**