UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Darren S. Simmons, | ) | |
| | ) | C/A No. 5:13-02754-RMG-KDW |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| William R. Byars, Jr., Corporal Marvin | ) | Report and Recommendation |
| Bryant, Off Derrick Ford, Lt Richard | ) | |
| Jenkins, Nurse Alicia Thompson, Dr. | ) | |
| Thomas E. Bryne, Warden John M. Pate, | ) | |
| Ann Hallman, Major Walter Worick, IGC | ) | |
| Ms Pam Smith, Pamela C Derrick, John | ) | |
| Tomarchio, Officer Frazier, A/W Randell | ) | |
| Williams, Officer Ms Sgt Rivers Smith, | ) | |
| Correctional Officer Mr Felder, Officer Mr | ) | |
| Davis, Officer Ms Drayton, Lt Jenkins, Sgt | ) | |
| Cohen, Ms Verlenda Henderson, Ms E | ) | |
| Delaney, Ms Archie, Sgt A DeLoach, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff, an inmate with the South Carolina Department of Corrections ("SCDC") proceeding pro se, filed this 42 U.S.C. § 1983 action alleging that Defendants violated his constitutional rights. This matter is before the court on Plaintiff's Motion for Judgment as a Matter of Law, ECF No. 56, filed on January 6, 2014, which the court construes as a Motion for Summary Judgment. Defendants Thomas E. Byrne, Pamela E. Derrick, Alicia Thompson, and John Tomarchio filed a Response in Opposition to Plaintiff's Motion on April 23, 2014. ECF No. 126. Defendants Marvin Bryant, William R. Byars, Jr., Sgt. Cohen, Mr. Davis, Ms. Drayton, Mr. Felder, Derrick Ford, Officer Frazier, Ann Hallman, Lt. Jenkins, Richard Jenkins, John R. Pate, Pam Smith, Rivers Smith, Randell Williams, and Walter Worrick filed a Response in Opposition to Plaintiff's Motion on May 23, 2014. ECF No. 142. Plaintiff filed a Reply on June 2, 2014.

ECF No. 148. This case was referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d) and (e), D.S.C. Because this Motion is dispositive, a Report and Recommendation ("Report") is entered for the court's review.

I.     Background

Plaintiff, Darren Simmons, is an inmate currently housed at Lee Correctional Institution. The facts giving rise to Plaintiff's Complaint occurred at the Special Management Unit ("SMU") of Allendale Correctional Institution ("ACI"). ECF No. 1 at 2. Plaintiff filed his Complaint on October 10, 2013, alleging claims of excessive force, medical indifference, gross negligence, and supervisory liability. *Id.* at 5-6. Specifically, Plaintiff contends that on July 12, 2013, Defendant Bryant sprayed 40 grams of tear gas/mace at him and his cellmate when there was no threat of harm. *Id.* at 3-4. Plaintiff makes several allegations in his Complaint, including medical indifference and a claim that drugs were planted in his cell. *Id.* at 3; 9. Plaintiff seeks $300,000 in compensatory damages, $125,000 in punitive damages from each Defendant, and a jury trial on all claims. *Id.* at 11.

Plaintiff moved to amend his complaint on December 2, 2013, wherein he named Officer Ms. Sgt. Rivers Smith, Correctional Officer Mr. Felder, Officer Mr. Davis, Officer Ms. Drayton, Lt. Jenkins, and Sgt. Cohen as Defendants. ECF Nos. 1-5; 27. In his Amended Complaint, Plaintiff alleged that Defendants were conspiring to deny him access to courts and knew of the excessive force Defendant Bryant used against him. *Id.* at 2-3. Additionally, Plaintiff maintains that Defendants were retaliating against him for filing grievances and civil complaints. *Id.* at 3-4.

On December 30, 2013, Plaintiff again moved to amend his Complaint, adding Mrs. Sgt. Rivers Smith and Mr. John E. Crumley as Defendants. ECF Nos. 1-6; 43. There, Plaintiff alleged

that Defendants Smith and Crumley were SMU supervisors who maliciously sprayed tear gas/mace at the mental health inmate, Michael Andrea. ECF No. 1-6 at 3-4. Additionally, Plaintiff reasserts his initial claims of excessive force, supervisory liability, and medical indifference. *See id.* at 5-12.

Plaintiff made the final amendment to his Complaint on March 18, 2014. There, Plaintiff sought to add Verlenda Henderson, E. Delaney, Byron Stirling, A. Deloach, Mr. Chainey, Valarie Jones, and Ms. Archie as additional Defendants in his case. ECF No. 88. This court allowed Plaintiff to add Verlenda Henderson, E. Delaney, A. Deloach, and Ms. Archie as Defendants but denied Plaintiff's request concerning the others. ECF No. 127. There, Plaintiff maintains that Defendants have turned a blind eye to the assault situation and know of his serious medical conditions but disregard them. ECF No. 1-7. Additionally, Plaintiff claims he witnessed officers administer over 200 grams of lethal gas on another inmate. *Id.* at 3. Moreover, Plaintiff claims that Defendants know of harmful conditions inmates face but disregard them. *Id.* at 4-5.

Though Plaintiff names several Defendants and alleges many causes of action, the excessive force allegation is the main subject of Plaintiff's Motion for Summary Judgment. *See* ECF No. 56.

II.   Standard of Review

In considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248.

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. *Id.* at 324. Rather, the non-moving party must demonstrate specific, material facts exist that give rise to a genuine issue. *Id.* Under this standard, the existence of a mere scintilla of evidence in support of the non-movant's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 251. Likewise, conclusory allegations or denials, without more, are insufficient to preclude granting the summary judgment motion. *Ross v. Commc'ns Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds*, 490 U.S. 228 (1989).

Further, while the federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, *see, e.g., Cruz v. Beto*, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts that set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact when none exists. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

### III. Analysis

#### A. Causes of Action other than Excessive Force

In his Motion, Plaintiff develops an argument that he is entitled to summary judgment because evidence clearly establishes that Defendant Bryant violated Plaintiff's constitutional rights under the Eighth Amendment. ECF No. 56. The undersigned notes that Plaintiff pleaded several causes of action in his Complaint but finds that Plaintiff's excessive force claim was the

only claim Plaintiff fully developed in his Motion. Therefore, in this Report the undersigned will only address the merits of Plaintiff's § 1983 claim for an Eighth Amendment violation.

In the last page of his Motion, Plaintiff argues that a jury can find in favor of Plaintiff and it can specifically find that Defendant Bryant, Defendant Ford, and Defendant Jenkins violated his constitutional rights. *Id.* at 6. Additionally, Plaintiff maintains that "a reasonable jury can find that [Defendants Bryant, Ford, Frazier, Jenkins, Worrick, and Pate's] conduct was callous and malicious." *Id.* Finally, Plaintiff contends there is evidence that Defendants Bryant, Ford, Frazier, Jenkins, Thompson, Byrne, and Worrick's "conduct and actions resulted in [Plaintiff's] physical injury and in which a reasonable jury could conclude that the Defendants knew that the use of excessive force. . . .would violate []Plaintiff's constitutional rights." *Id.* Here, Plaintiff's conclusory statements without more are not enough to establish Plaintiff's initial burden of demonstrating that there is no genuine issue of material fact concerning claims other than excessive force in violation of the Eighth Amendment. *Celotex Corp.*, 477 U.S. at 323. Therefore, the undersigned recommends denying Plaintiff's Motion regarding claims other than excessive force.

B. Excessive Force

Plaintiff argues that Defendant Bryant violated the Eighth Amendment with wanton conduct in "spraying over 20 grams of teargas/mace into his SMU secured prison cell and his roommate's facial area without justification." ECF No. 56 at 1.

Defendants argue that there was a need for force because Plaintiff's cellmate became unruly and refused to obey direct orders to stop kicking his cell door. ECF No. 142 at 4. Further, Defendants maintain that Defendant Bryant discharged a minimal amount of chemical munitions toward Plaintiff's cellmate's face, and there was a reasonable relationship between the need for

use of force and the minimum use of chemical munitions. *Id.* Moreover, Defendants assert that Plaintiff was not injured as result of Defendant Bryant's use of chemical munitions and was medically evaluated after the incident. *Id.* at 4-5. Therefore, Defendants maintain that the chemical munitions were discharged in a good faith effort to restore order in the SMU. *Id.* at 5.

The Eighth Amendment prohibition of cruel and unusual punishment "protects inmates from inhumane treatment and conditions while imprisoned." *Williams v. Benjamin*, 77 F.3d 756, 761 (4th Cir. 1996). To establish a constitutional excessive force claim, the inmate must establish that the "prison official acted with a sufficiently culpable state of mind (subjective component); and [that] the deprivation suffered or injury inflicted on the inmate was sufficiently serious (objective component)." *Iko v. Shreve*, 535 F.3d 225, 238 (4th Cir. 2008) (citing *Williams*, 77 F.3d at 761). Thus, courts must analyze both subjective and objective components.

For the subjective component, Plaintiff must prove that Defendant Bryant used chemical munitions on him "maliciously and sadistically for the very purpose of causing harm" rather than in a good-faith effort to maintain or restore discipline. *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986). The Supreme Court has identified the following four factors to consider when determining whether a prison official's actions were carried out "maliciously and sadistically" to cause harm: (1) the need for application of force; (2) "the relationship between the need and the amount of force" used; (3) "the extent of the injury inflicted"; and (4) "the extent of the threat to the safety of staff and inmates as reasonably perceived by the responsible officials on the basis of the facts known to them." *Id.* at 321.

"The fact that pepper spray was used in this incident . . . does not mandate that [p]laintiff's claim go forward, as the use of mace, tear gas or pepper spray by prison officials is not a per se violation of a prisoner's constitutional rights when used appropriately." *Townsend v.*

*Anthony*, No. 0:03-2528-RBH-BM, 2006 WL 2076920, at *9 (D.S.C. July 24, 2006). The Fourth Circuit's decision in *Williams v. Benjamin*, 77 F.3d 756, provides additional guidance for courts when considering claims relating to the use of mace, tear gas, or other like substances. There, the *Williams* court recognized: "it is a violation of the Eighth Amendment for prison officials to use mace, tear gas or other chemical agents in quantities greater than necessary for the sole purpose of infliction of pain." *Id.* at 763 (internal citation omitted). While the use of chemical munitions on prisoners confined in their cells in not per se unconstitutional, "it is necessary to examine the totality of the circumstances, including provocation, the amount of gas used, and the purpose for which the gas is used to determine the validity of the use of tear gas in the prison environment." *Id.* (internal citation omitted). "The absence of serious injury is a relevant, but not dispositive, additional factor to be considered in the subjective analysis." *Id.* at 762.

Considering the first and second *Whitley* factors and the additional guidance from *Williams*, the undersigned finds the Defendants have presented evidence that demonstrates Defendant Bryant used chemical munitions in an effort to restore order and not for the very purpose of causing Plaintiff harm. According to the incident report, when Inmate Al-Haqq, Plaintiff's cellmate, refused to stop kicking the cell door, Defendant Bryant stated that he "administered one burst of sabre red #22[1] in inmate Al-Haqq's facial area." ECF No. 126-4. From his perspective, Defendant Bryant was attempting to control an uncooperative inmate. Construing the facts in the light most favorable to the Defendants, the undersigned finds that Defendants have put forth enough facts to overcome Plaintiff's assertion that Defendant Bryant used excessive force for the sole purpose of inflicting harm on Plaintiff. Moreover, no evidence demonstrates any perceived malice was directed at Plaintiff. The undersigned notes that

---

[1] Sabre Red is a pepper spray. *See* Pate Aff. at ¶¶21-24, ECF No. 142-1.

Defendant Bryant administered 20 grams of chemical munitions into Plaintiff's cell. *Id.* A total of 20 grams of chemical munitions is not excessive, especially considering that the bursts were not directed at Plaintiff. *See Robinson v. S.C. Dep't of Corr.*, No. 5:10-2593-HMH-KDW, 2012 WL 851042, at *7 (D.S.C. Mar. 13, 2012) (finding that defendants' two short bursts of chemical munitions, with the largest quantity of chemical munitions dispersed being 31 grams to be a small amount); s*ee Plummer v. Goodwin,* No. 8:07–2741–TLW–BHH, 2010 WL 419927, at *7 n.4 (D.S.C. Jan. 29, 2010) (finding the use of 33.5 grams of chemical munitions to be a small quantity and "not constitutionally relevant").

In examining the third and fourth prong of *Whitley*, the undersigned notes that Plaintiff has failed to submit actual medical records in support of his Motion, but he appears to have made handwritten copies of his medical records. ECF No. 1-3 at 2-3. Medical records provided by Defendants demonstrate that Plaintiff received medical treatment the same day of the macing incident. ECF No. 89-4.[2] Specifically, the medical notes indicate that Plaintiff was able to move all extremities and had "even and unlabored" respirations upon examination. *Id.* The medical notes also indicate that Plaintiff was afforded running water. *Id.* Defendants also submitted affidavits of Dr. Thomas E. Bryne and Nurse Alicia Thompson that both indicate Plaintiff was not seriously injured as a result of the macing incident and had received medical assistance. ECF Nos. 126-2; 126-3. Therefore, Plaintiff has failed to demonstrate that he suffered an injury as a result of being exposed to second-hand chemical munitions. *See Duncan v. Gordon,* No. 8:06–cv–396–MBS, 2007 WL 1031939, at *8 (D.S.C. Mar. 29, 2007) (noting that prisoner's

---

[2] Defendants filed copies of Plaintiff's medical records in support of their opposition to Plaintiff's Motion for Declaratory Judgment. ECF Nos. 17, 89. This court may take judicial notice of the contents of its docket. *Etcheber v. F.B.I.*, No. 2:13-0752-JFA-BM, 2014 WL 1319145 at *5 (D.S.C. Mar. 28, 2014) (citing *Aloe Creme Laboratories, Inc. v. Francine Co.,* 425 F.2d 1295, 1296 (5th Cir.1970)).

allegations that he suffered "breathing complications, chest pain, and mental depression from being sprayed with chemical munitions" failed to establish a serious medical need necessary to demonstrate an Eighth Amendment violation). Under the final *Whitley* prong, the undersigned notes that Plaintiff's cellmate was failing to comply with a direct order. The Fourth Circuit has held that a prison official may use mace to compel obedience or to subdue recalcitrant prisoners. *See Bailey v. Turner*, 736 F.2d 963, 970 (4th Cir. 1984).

Defendants have demonstrated that specific, material facts exist to overcome Plaintiff's Motion. Specifically, Defendants have produced an incident report that demonstrates Plaintiff's cellmate refused a direct order to stop kicking his cell door. ECF No. 142 at 2. Additionally, Defendants submitted an affidavit from Defendant Pate concerning ACI's facilities and its policies and procedures. ECF No. 142-1. Finally, Defendants submitted medical records and affidavits from SCDC medical providers concerning Plaintiff's medical care following the macing incident. ECF Nos. 126-2; 126-3; 89-4. Therefore, a genuine issue of material fact exists concerning whether Plaintiff's Eighth Amendment rights were violated, and the undersigned recommends Plaintiff's Motion for Summary Judgment be denied on Plaintiff's excessive force claim.

IV.     Conclusion and Recommendation

Based on the foregoing, it is recommended that Plaintiff's Motion for Summary Judgment, ECF No. 56, be denied.

IT IS SO RECOMMENDED.

June 25, 2014 Kaymani D. West
Florence, South Carolina United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**