IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Darren Simmons, #182509, )<br>)<br>           Plaintiff, )<br>)<br>v. )<br>)<br>William R. Byars, Jr. et al., sued in their )<br>individual capacity, )<br>)<br>           Defendants. )<br>                            ) | No. 5:13-cv-2754-RMG<br><br>**ORDER** |

This matter is before the Court on the Report and Recommendation ("R&R") of the Magistrate Judge recommending that the Court deny Plaintiff's motion for judgment as a matter of law, interpreted as a motion for summary judgment. (Dkt. No. 159). As set forth below, the Court agrees with and adopts the R&R as the order of the Court.

### Background

Plaintiff, a state prisoner proceeding pro se, filed this action asserting various violations of his rights by prison officials and employees. Pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) DSC, this matter was automatically referred to a United States Magistrate Judge for pretrial handling. Subsequently, Plaintiff filed a motion for judgment as a matter of law. (Dkt. No. 56). Defendants then filed responses opposing the motion. (Dkt. Nos. 126, 142). The Magistrate Judge, interpreting the motion as one for summary judgment, then issued the present R&R recommending the Court deny the motion. (Dkt. No. 159). Plaintiff then filed objections to the R&R. (Dkt. No. 162).

### Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with

this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a de novo determination of those portions of the R&R to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

## Discussion

After review of the record, the R&R, and Plaintiff's objections, the Court finds that the Magistrate Judge applied sound legal principles to the facts of this case and therefore agrees with and wholly adopts the R&R as the order of the Court. Through this motion, Plaintiff seeks summary judgment on his Eighth Amendment excessive force claim against Defendant Bryant for his use of chemical spray against Plaintiff's cellmate. Taking the evidence in the light most favorable to Defendants as the non-moving party, the evidence shows that Defendant Bryant used a minimal amount of chemical munitions in response to Plaintiff's cellmate's refusal to obey a direct order to stop kicking his cell door. Further, Plaintiff was medically evaluated after the incident and was found to be uninjured. The Court agrees with the Magistrate Judge that, taking the evidence in a light most favorable to Defendants, Plaintiff has not shown that force was used "maliciously and sadistically for the very purpose of causing harm" as required to violate the Eighth Amendment. *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986). Plaintiff's objections are unavailing. Plaintiff objects that his cellmate did not receive any direct orders and never kicked the cell door. However, the Court does not engage in credibility determinations at this stage, but rather must view the evidence in the light most favorable to Defendants as the nonmoving party. *See Okoli v. City of Baltimore*, 648 F.3d 216, 231 (4th Cir. 2011).

## Conclusion

For the reasons set forth above, the Court agrees with and adopts the R&R as the order of the Court. (Dkt. No. 159). Accordingly, Plaintiff's motion for judgment as a matter of law is denied. (Dkt. No. 56).

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Court Judge

July 22, 2014
Charleston, South Carolina